## Gayhart v. Commonwealth.

October 4, 1949.

Isaac Turner for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

MORRIS, COMMISSIONER—Affirming.

Appellant stands convicted of the offense of shooting with intent to kill, the jury imposing imprisonment for a period of two years. On appeal he contends that the court to his prejudice refused to admit certain competent testimony in his behalf, and that the testimony produced against him was insufficient to sustain the jury's verdict. He also complains that his trial was irregularly held.

We find it unnecessary to give a detailed statement of facts. It is sufficient to say that appellant and his uncle Charles Gayhart engaged in a quarrel which culminated in the shooting of the uncle. Appellant admitted the shooting but contended that he shot in self-defense after the uncle had first assaulted him. The record shows that his plea was submitted to the jury by an instruction correct both in form and substance.

The first two contentions named above cannot be taken into consideration for the reason that the Commonwealth's motion to strike the bill of evidence has heretofore been sustained on the ground that it was not by any order or indorsement made a part of the record in the trial court. The record does not contain a bill of exceptions, and though effort was made to supply the omission, the record does not now contain a bill of exceptions.

The contention that the trial was irregularly held, or that he lacked sufficient time to prepare for trial, is without merit. The indictment was returned in March

1948, a trial was had in August the jury failing to reach a verdict. The case was called at the next term in October; the defendant failed to appear and his bond was forfeited. On a day following he moved to set aside the order of forfeiture, the court sustaining his motion.

The trial order shows that appellant "entered his appearance to the case," and trial proceeded with the above stated result. Appellant testified and introduced three or four witnesses in his behalf. Neither the trial order nor any other portion of the record show that appellant moved for continuance. On the contrary the order recites that when the case was called both parties announced "ready."

Judgment affirmed.